**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-51006
Summary Calendar**
_____

**WILLIAM LOGAN KENNEDY,**

**Plaintiff-Appellant,**

**versus**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

**Appeal from the United States District Court
for the Western District of Texas
(A-99-CV-636-JN)**

June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

William Logan Kennedy, formerly a federal prisoner, appeals, _pro se_, the summary-judgment dismissal of his Federal Tort Claims Act action, which claimed he received negligent medical treatment while in prison. A summary judgment is reviewed _de novo_. _See_ **_Guillory v. Domtar Indus., Inc._**, 95 F.3d 1320, 1326 (5th Cir. 1996).

The United States is liable for its torts _if_ a private person would be liable for the same act or omission under local laws. 28 U.S.C. § 1346(b). Under the FTCA, liability for medical

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should _not_ be published and is _not_ precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

malpractice is controlled by state law.  *See **Ayers v. United States***, 750 F.2d 449, 452 n.1 (5th Cir. 1985); *see also **Urbach v. United States***, 869 F.2d 829, 831 (5th Cir. 1989).

A plaintiff in a Texas medical malpractice action must prove four elements to establish liability:  "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) actual injury to [the] plaintiff, and (4) ... the breach [was] a proximate cause of the injury".  *Id.*  A physician has a duty to render care to a patient with the degree of ordinary prudence and skill exercised by physicians of similar training and experience in the same or similar community under the same or similar circumstances. ***Speer v. United States***, 512 F. Supp. 670, 675 (N.D. Tex. 1981), *aff'd on basis of district court's opinion*, 675 F.2d 100 (5th Cir. 1982).  Texas tort law "places the burden of proof on the plaintiff to establish by expert testimony that the act or omission of the defendant physician fell below the appropriate standard of care and was negligent".  ***Rodriguez v. Pacificare of Texas, Inc.***, 980 F.2d 1014, 1020 (5th Cir.), *cert. denied*, 508 U.S. 956 (1993).

The summary-judgment dismissal was appropriate because Kennedy failed to prove any breach of care.  The Government presented the affidavit testimony of a medical expert opining that the treatment Kennedy had received was consistent with the standard of care owed him, and Kennedy offered *no* competent evidence by a medical expert to counter the Government's evidence which would have created a material fact issue regarding breach and, thereby, precluding summary judgment. *See **Celotex Corp. v. Catrett***, 477 U.S. 317, 322-

24 (1986); *see also* **Rodriguez**, 980 F.2d at 1020. Kennedy's conclusional assertions of negligence were insufficient to carry his summary-judgment burden. *See* **Little v. Liquid Air Corp.**, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Furthermore, his conclusional allegations, for the first time on appeal, that Dr. Tew's affidavit contained errors and perjury and was thus *not* competent summary judgment evidence, are insufficient to carry his summary-judgment burden, *id.*, even if we could consider arguments raised for the first time on appeal, **Bayou Liberty Ass'n, Inc. v. United States Army Corps of Eng'rs**, 217 F.3d 393, 398 (5th Cir. 2000).

Kennedy asserts that the district court erred in failing to order Officer Dyer, his prison work supervisor, to submit an affidavit and moves this court to order the requested affidavit. His argument is without merit, and his motion is **DENIED**, because the Officer's testimony would be irrelevant to the dispositive question (whether the prison medical staff breached the duty of care owed Kennedy) in that the Officer is *not* a medical expert. *See* **Rodriguez**, 980 F.2d at 1020.

Kennedy additionally contends that the district court erred in failing to appoint a medical expert and counsel to assist him in the preparation of his case. Because he has made *no* showing of indigence or of his inability to locate and retain an expert, he has *not* demonstrated that the district court abused its discretion in denying the motion for an expert. *See* **United States v. Walborn**, 730 F.2d 192, 194 (5th Cir.), *cert. denied*, 469 U.S. 842 (1984).

Kennedy has similarly failed to show that the district court erred in denying his motion for counsel because his case does *not* present any exceptional circumstances warranting the appointment of counsel.  *See* **Richardson v. Henry**, 902 F.2d 414, 417 (5th Cir.), *cert. denied*, 498 U.S. 901 (1990); **Ulmer v. Chancellor**, 691 F.2d 209, 213 (5th Cir. 1982).

Kennedy's remaining contentions — that the district court erred in construing his claims as medical-malpractice rather than negligence and that "there was something prejudicial" about the district court having assigned aspects of his case to two magistrate judges — are facially frivolous.

*JUDGMENT AFFIRMED; MOTION DENIED*

4