United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30009
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DANIEL WAYNE COLLINS,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50170-4
---------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Daniel Wayne Collins pleaded guilty to a bill of information

charging him with conspiracy to possess with intent to distribute

50 grams or more of methamphetamine or 500 grams or more of a

mixture or substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 846, and possession

of a firearm in furtherance of a drug-trafficking crime, in

violation of 18 U.S.C. § 924(c)(1)(A)(i).  The district court

sentenced Collins to consecutive prison terms of 168 months and

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

60 months and to concurrent supervised-release terms of three years.

Collins contends that the district court erred in concluding that § 924(c)(1)(A), the sentencing provision for his firearm offense, required the imposition of a five-year mandatory minimum prison term when he was subject to a greater mandatory minimum prison term for the predicate drug-trafficking offense. This argument is based on the initial "exception" clause of § 924(c)(1)(A), which states that, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," a person who uses or carries a firearm, or possesses a firearm in furtherance of, a drug-trafficking offense or crime of violence, is subject to various mandatory minimum prison terms.

"The appropriate starting point when interpreting any statute is its plain meaning," which may be ascertained by both the "particular statutory language at issue, as well as the language and design of the statute as a whole." United States v. Elrawy, 448 F.3d 309, 315 (5th Cir. 2006) (citations and internal quotation marks omitted). Three sister circuits have held that the "exception" clause of § 924(c)(1)(A) does not permit a district court to consider a sentence below the mandatory minimum simply because a defendant's predicate conviction carries a mandatory minimum sentence greater than the mandatory minimum sentence that applies under § 924(c). See United States v.

Alaniz, 235 F.3d 386, 387-89 (8th Cir. 2000); see also United States v. Studifin, 240 F.3d 415, 421-23 (4th Cir. 2001) (adopting analysis of Alaniz); United States v. Jolivette, 257 F.3d 581, 586-87 (6th Cir. 2001) (same). With respect to § 924(c)(1)(A)'s exception for a "greater minimum sentence" prescribed by "any other provision of law," the Fourth Circuit reasoned that such language "provides a safety valve that would preserve the applicability of any other provisions that could impose an even greater mandatory minimum consecutive sentence for a violation of § 924(c)." Studifin, 240 F.3d at 423. The language was interpreted as "simply reserving the possibility that another statute or provision might impose a greater minimum consecutive sentencing scheme for a § 924(c) violation, and not as negating the possibility of consecutive sentencing in" circumstances in which a defendant faces a greater mandatory minimum sentence for a predicate drug-trafficking or crime-of-violence offense. Id. The court in Alaniz also pointed out that an interpretation like Collins's would be "illogical" because it "would punish those guilty of severe [predicate] offenses more leniently, and those guilty of less severe sentences more stringently." Alaniz, 235 F.3d at 389.

We find the rationale of these decisions convincing. Although the exception for a "greater minimum sentence . . . otherwise provided . . . by any other provision of law" is not a model of clarity, the rest of the sentence in which it appears

refers to a person who has either used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a crime of violence or drug-trafficking crime. In construing the "exception" clause in the context of the "language and design of the statute as whole," see Elrawy, 448 F.3d at 315, it is reasonable to read the phrase "any other provision of law" as referring to legal provisions outside the confines of § 924(c) that concern firearm possession in furtherance of a crime of violence or drug-trafficking crime. Accordingly, we adopt the analysis of Alaniz, Studifin, and Jolivette and hold that § 924(c)(1)(A) does not permit a sentence below five years for that offense in the circumstances of Collins's case.

Collins contends that the district court abused its discretion in denying his request for funds to hire mitigation investigators for sentencing purposes, pursuant to 18 U.S.C. § 3006A(e)(1). He maintains that further investigation would likely to have led to mitigating evidence that would have warranted a sentence below the guideline range, especially with respect to head trauma he had suffered as a child. We review the denial of a request for appointment of an expert or specialist under § 3006A(e)(1) for abuse of discretion. United States v. Hardin, 437 F.3d 463, 468 (5th Cir. 2006). Because most of the personal factors cited by Collins were discussed in his Presentence Report, and because Collins has not demonstrated that the failure to grant funds for an investigator prejudiced him,

see, e.g., United States v. Bertling, 370 F.3d 818, 820 (8th Cir. 2004), Collins has not shown that the district court abused its discretion.

Collins has not shown clear error with respect to the district court's refusal to grant a two-level reduction based on Collins's alleged "minor" offense role under U.S.S.G. § 3B1.2(b). See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). Although Collins's coconspirators may have been involved with greater quantities of methamphetamine than he was, his possession of four ounces of methamphetamine, as well as of a firearm and other drugs, reflected that he was not "peripheral" to the advancement of the conspiracy. See id. at 204.

Collins contends that the sentence was "unreasonable" because the district court should have considered a prison term of less than five years for the § 924(c)(1)(A)(i) offense (because of the "exception" clause in § 924(c)(1)(A)) and because the denial of funds for a mitigation investigator prevented the district court from giving due consideration to mitigating evidence that would have warranted a sentence outside the guideline range. Because those two contentions are meritless, Collins has not rebutted the presumption that the sentence, which was within the guideline range, was reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

For the foregoing reasons, the convictions and sentences are AFFIRMED.