# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20250
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHELLE KYLES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-457-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michelle Kyles pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1); possession with intent to distribute 50 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 2); possession with intent to distribute less than 50 kilograms of marijuana, in violation of § 841(a)(1) and (b)(1)(D) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1)(A) (Count 4). The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced Kyles to concurrent imprisonment terms of 120 months on Count 1, 240 months on Count 2, and 120 months on Count 3. The district court sentenced Kyles to a consecutive imprisonment term of 60 months for her conviction on Count 4, possession of a firearm in furtherance of a drug trafficking crime. The sentences on Counts 2 and 4 were imposed pursuant to the statutorily mandated minimum sentences on those counts.

Kyles argues that the district court committed plain error in imposing a consecutive five-year sentence pursuant to § 924(c)(1)(A)(i), which sets forth a five-year statutory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime. Her argument relies on the exception provided in the opening clause of § 924(c)(1)(A). Section 924(c)(1)(A) provides: "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," any person who possesses a firearm in furtherance of a drug trafficking crime "shall, in addition to the punishment provided for such . . . drug trafficking crime" be subject to one of the mandatory minimum prison terms provided in § 924(c)(1)(A)(i)-(iii). According to Kyles, the opening clause means that, if a "greater minimum sentence" is required for another conviction, then the mandatory minimum sentence under § 924(c)(1)(A) does not apply. Kyles argues that the five-year minimum sentence under § 924(c)(1)(A)(i) is inapplicable to her because § 841(b)(1)(A)(iii) subjects her to a 20-year minimum sentence on her cocaine base offense, Count 2.

Because Kyles did not object in the district court to the imposition of the five-year consecutive sentence, plain error review applies. See United States v. Guidry, 456 F.3d 493, 505 (5th Cir. 2006). To show plain error, Kyles must show an error that is clear or obvious and that affects her substantial rights. See United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). If Kyles makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. See id.

In support of her argument, Kyles directs our attention to the Second Circuit's decision in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), in which the court generally agreed with the interpretation of § 924(c)(1)(A) that Kyles advances here. But, as Kyles concedes, at least three circuits have reached decisions that are contrary to Whitley's interpretation of the statute and her argument on appeal. See United States v. Jolivette, 257 F.3d 581, 586-87 (6th Cir. 2001); United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir. 2001); and United States v. Alaniz, 235 F.3d 386, 387-89 (8th Cir. 2000). Moreover, this circuit has agreed with the Fourth, Sixth, and Eighth Circuits' interpretation, although only in an unpublished decision. See United States v. Collins, 205 F. App'x 196, 198 (5th Cir. 2006) (per curiam).

In light of the disagreement among circuits and the weight of authority opposing Kyles' argument (including an unpublished decision from this court), we conclude that the district court's error, if any, was not clear or obvious.[1] See United States v. Salinas, 480 F.3d 750, 759 (5th Cir. 2007). Accordingly, the sentence imposed by the district court is affirmed.

AFFIRMED.

---

[1]We only assume arguendo that the district court erred and do not consider the appropriate interpretation of § 924(c)(1)(A).