**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10857
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS RASHAD GOULD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CR-20-2

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Rashad Gould pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841, 846 (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). On resentencing following remand from this court, the district court sentenced Gould to 137 months in prison on Count One, within the advisory guidelines range, and to a mandatory consecutive sentence of five years on Count Three, for a total of 197

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months. Gould now challenges that sentence. For the following reasons, we affirm.

Gould first contends that the district court committed procedural error by imposing a mandatory consecutive five-year term on the § 924(c) charge. Gould's contention is based on the so-called "exception" clause of § 924(c). In an unpublished opinion in 2006, we joined three other circuits to reject this same argument. *See United States v. Collins*, 205 F. App'x 196, 197-98 (5th Cir. 2006). While this appeal was pending, we adopted the reasoning and holding of *Collins* in a published decision. *United States v. London*, __ F.3d __, No. 07-31092, 2009 WL 1362593, at *8 (5th Cir. May 18, 2009). Accordingly, we reject Gould's argument.

Gould next contends that his sentence was substantively unreasonable on several grounds. He first argues that the misapplication of the five-year minimum, which resulted in a total sentence of 197 years, rendered his sentence substantively unreasonable. Given our disposition of his challenge to the five-year mandatory minimum, this argument necessarily fails.

Gould also challenges the substantive reasonableness of the sentence in light of his efforts while incarcerated to improve his education, the assistance he provided the Government in prosecuting others, and the disparity under the Sentencing Guidelines between sentences for crack cocaine offenses and powder cocaine offense. In light of the district court's careful consideration of the 18 U.S.C. § 3553(a) factors, the evidence regarding the facts of this case, and the deferential standard of review, we discern no abuse of discretion in the district court's choice of a within-guidelines sentence. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

AFFIRMED.