# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-20793
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER JAMES VARGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-491-ALL

Before REAVLEY, GARZA, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher James Vargas appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count One) and possession of a firearm during and in relation to or in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). The district court sentenced Vargas to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consecutive terms of 120 months of imprisonment on Count One and 60 months of imprisonment on Count Two, for a total of 180 months of imprisonment.

Vargas contends that the district court committed reversible error when it sentenced him to a consecutive five-year term of imprisonment for his conviction under § 924(c)(1)(A)(i). Because his argument turns on statutory interpretation, de novo review applies. *See United States v. Salazar*, 542 F.3d 139, 144 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1669 (2009).

Section 924(c)(1)(A)(i) provides that, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law" any person who uses or carries a firearm during and in relation to or in furtherance of a crime of violence or a drug trafficking crime "shall, in addition to the punishment provided for such crime of violence or drug trafficking crime[,] . . . be sentenced to a term of imprisonment of not less than 5 years." § 924(c)(1)(A)(i). Vargas's argument turns on the first phrase of this provision, the so-called "exception" clause. *See United States v. Collins*, 205 F. App'x 196, 197 (5th Cir. 2006).

In *Collins*, this court rejected the reading of § 924(c) urged by Vargas. *Collins*, 205 F. App'x at 197-98. Although *Collins* is unpublished, this court recently adopted the reasoning and holding of *Collins* in a published opinion. *See United States v. London*, 568 F.3d 553, 564 (5th Cir. 2009). Therefore, the district court did not err when it sentenced Vargas to a consecutive five-year term of imprisonment for his conviction under § 924(c)(1)(A)(i).

AFFIRMED.