08-4247-cr(L), 08-4251-cr(CON), 08-4252-cr(CON), 08-5954-cr(CON)
United States v. Barris

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
         RALPH K. WINTER,
         JOSEPH M. McLAUGHLIN,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
United States of America,
         <u>Appellee</u>,

         -v.-                           08-4247-cr(L),
                                        08-4251-cr(CON),
                                        08-4252-cr(CON),
                                        08-5954-cr(CON)

Larry Barris, also known as Tony Panic, Anthony Patterson, also known as Rooster, Ronnie Mazier, also known as Robert Anthony Barnes, also known as Bruckey, Matthew Casazza, also known as Estrada,
         <u>Defendants-Appellants</u>.
- - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:**   ALAN M. NELSON, Lake Success, NY, for Appellant Barris.

VIVIAN SHEVITZ, South Salem, NY, for Appellant Patterson.

Beth M. Farber, New York, NY, for Appellant Mazier.

AVROM ROBIN, London & Robin, New York, NY, for Appellant Casazza.

Matthew Casazza, pro se, Fort Dix, NJ.

**FOR APPELLEE:**   JULIAN J. MOORE, Andrew L. Fish, John T. Zach, Assistant United States Attorneys, of counsel, for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART, VACATED IN PART**, and **REMANDED.**

Larry Barris, Matthew Casazza, Ronnie Mazier, and Anthony Patterson appeal from judgments of conviction and sentences entered August 25 and September 8, 2008 in the United States District Court for the Southern District of New York (Buchwald, J.).  Appellants were charged in two counts with conspiracy to distribute and possess with intent to distribute 1000 kg or more of marijuana, and with possessing a firearm in furtherance of drug trafficking--as members of the John Shop Crew, a marijuana-distribution operation in the Bronx.  Following a jury trial, each was convicted of at least one of the charges, and sentenced principally to a term of imprisonment.  We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

2

Appellants first challenge the sufficiency of the evidence supporting their convictions. When reviewing a conviction for sufficiency of evidentiary support, "the trial evidence is viewed most favorably for the Government" and "all reasonable inferences a jury may have drawn favoring the Government must be credited." United States v. Wexler, 522 F.3d 194, 206-07 (2d Cir. 2008). We affirm "'if any rational trier of fact could have found the essential elements of [the] crime beyond a reasonable doubt.'" Id. at 207 (emphasis omitted) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

With respect to Barris and Casazza, we affirm for substantially the reasons stated in the district court's July 7, 2008 memorandum decision and order. With respect to Patterson and Mazier, we find ample evidence to support their convictions for conspiracy. Witnesses testified that they were members of the John Shop Crew, that they personally sold marijuana out of the Crew's stash house on Cruger Avenue, and that they performed other services involving large quantities of drugs on behalf of the Crew. Cf. United States v. Santos, 541 F.3d 63, 70-71 (2d Cir. 2008) (elements of drug conspiracy charged are "(1) the existence of the conspiracy charged; (2) that the defendant had knowledge of the conspiracy; . . . (3) that the defendant intentionally joined the conspiracy[; and] (4) that it was either known or reasonably foreseeable to the defendant that the conspiracy involved the drug type and quantity charged" (citations omitted)).

Likewise, we find ample evidence to support Patterson's conviction for firearms possession. Witnesses testified that on more than one occasion Patterson carried a gun while at the Cruger Avenue stash house, and that he would practice brandishing the gun; and that many members of the John Shop Crew carried guns to protect themselves and their business from robbery. Cf. United States v. Chavez, 549 F.3d 119, 129-30 (2d Cir. 2008) (elements of firearms possession charged are [1] that the defendant actually or constructively possessed a firearm; and [2] that possession of the firearm was in furtherance of drug trafficking).

Casazza challenges the admission of evidence concerning his prior arrest and conviction for firearms possession. We review for abuse of discretion, United States v. Wexler, 522 F.3d 194, 201-02 (2d Cir. 2008); and find none. The admission of this evidence was not contrary to Federal Rule of Evidence 404(b) because it was relevant to the firearms possession charged here and to Casazza's relationship with alleged co-conspirator Patterson. See, e.g., United States v. Garcia, 291 F.3d 127, 136 (2d Cir. 2002) ("Evidence of other crimes, wrongs, or acts" is admissible when offered for any purpose other than "to prove the character of a person in order to show action in conformity therewith." (quoting Fed. R. Evid. 404(b))). Nor is the admission of this evidence contrary to Federal Rule of Evidence 403: The evidence was not inflammatory, pejorative, or otherwise unfairly prejudicial, and had obvious probative value, as described. Cf. United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990) (upholding admission where the "evidence . . . represented only a tiny fraction of the testimony heard by the jury, and did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

Appellants next argue that the district court failed to investigate the possibility that an expression of discomfort made by one juror to another may have tainted the panel. We find no abuse of discretion. Cf., e.g., United States v. Sun Myung Moon, 718 F.2d 1210, 1235 (2d Cir. 1983) (standard of review is abuse of discretion). The juror (who was later dismissed at her request) made a single, one-sentence statement to her co-juror; and her discomfort was based on personal, idiosyncratic factors. These circumstances would hardly have raised in the district court's mind the specter of juror misconduct, let alone prejudice. Cf., e.g., United States v. Cox, 324 F.3d 77, 86 (2d Cir. 2003) ("A mistrial or other remedial measure is required only if juror misconduct and actual prejudice are found."). In such circumstances, the court had no warrant to investigate further, especially where further investigation would likely have brought about the very contagion that Appellants claim here to fear.

4

Finally, **Barris, Patterson, and Casazza contend that the district court erred by imposing a consecutive five-year term of imprisonment for the firearms possession convictions, in light of** United States v. Williams, **558 F.3d 166 (2d Cir. 2009).** The government concedes the issue, but requests that we defer decision until the legal question has been addressed by the Supreme Court, as the government expects. Though the Supreme Court has granted cert in two cases presenting the question, see United States v. Gould, 329 F. App'x 569 (5th Cir. 2009), cert. granted, 130 S. Ct. 1283 (U.S. Jan. 25, 2010) (No. 09-7073); United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert. granted, 130 S. Ct. 1284 (U.S. Jan. 25, 2010) (No. 09-479), "[a] panel is bound by prior decisions of this court unless and until the precedents established therein are reversed en banc or by the Supreme Court." United States v. Jass, 569 F.3d 47, 58 (2d Cir. 2009). Accordingly, we vacate the sentences and remand for resentencing.

Finding no merit in Appellants' remaining arguments, we accordingly **AFFIRM** Appellants' convictions and Mazier's sentence; and we **VACATE** the sentences of Barris, Patterson, and Casazza, and **REMAND** their cases to the district court for re-sentencing.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5