# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2010

No. 09-20800
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL ARTHUR MCGIFFIN,

Plaintiff-Appellant

v.

JOSEPH M. CURRY, RA, In His Individual and Official Capacities; JUSTIN
GREEN, MD, In His Individual and Official Capacities,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1179

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Arthur McGiffin, Texas prisoner # 1320384, appeals the district
court's grant of summary judgment in favor of Joseph M. Curry, Physician's
Assistant, and Dr. Justin Green, holding them protected by qualified immunity
from his civil rights suit seeking monetary damages. McGiffin alleged that the
defendants were deliberately indifferent to his serious medical needs in that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

they did not provide adequate treatment for his urological problem and they did not provide him catheters or a dilation tool.

Although McGiffin lists as his first issue on appeal that the district court abused its discretion in denying his motions for the appointment of counsel, he has provided no argument on the issue. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). McGiffin has abandoned any challenge to the district court's denial of his motions for the appointment of counsel by failing to brief the issue. *See id.*

McGiffin contends that the district court abused its discretion in denying his request to appoint Chester W. Ingram as a medical expert in the case. A district court has the discretion to appoint an expert witness. *Fugitt v. Jones*, 549 F.2d 1001, 1006 (5th Cir. 1977); FED. R. EVID. 706. McGiffin has not shown that the district court abused its discretion in denying his motion to appoint Ingram as an expert because he has not made any showing that Ingram's testimony would have aided the court. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008).

McGiffin challenges the district court's grant of summary judgment in favor of Curry and Dr. Green and argues that they were not entitled to qualified immunity. McGiffin argues that Dr. Green disregarded his e-mails and would not treat him when McGiffin asked Dr. Green to dilate his urethra. McGiffin argues that Curry refused to provide urethral dilation treatment or the means for him to self-dilate in violation of his Eighth Amendment rights.

We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Hill v. Carroll County, Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Summary judgment should be granted where the

record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). This court views the disputed facts and inferences in the light most favorable to the non-moving party. *Hill*, 587 F.3d at 233.

"Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)), *cert. denied*, 130 S. Ct. 1896 (2010). Whether a government official is entitled to qualified immunity for an alleged constitutional violation is determined by the two-step analysis set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808 (2009). *Lytle*, 560 F.3d at 409. The threshold constitutional violation question is "whether, taking the facts in the light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right." *Id.* at 410 (citing *Saucier*, 533 U.S. at 201).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotation marks and citation omitted). Thus, neither an incorrect diagnosis nor the failure to alleviate a significant risk that an official should have perceived but did not will be sufficient to establish deliberate indifference. *See id.* Similarly, unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Medical records of sick calls, examinations, diagnoses, and medications may

rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

McGiffin has not shown that the district court erred in granting summary judgment for Curry and Dr. Green on his claims of deliberate indifference to his serious medical needs. As the district court reasoned, McGiffin's arguments amount to mere disagreement with the "implicit determinations . . . that [McGiffin] did not necessarily need urethral dilation or did not need it immediately." Such disagreement does not constitute deliberate indifference. *See Gobert*, 463 F.3d at 346. Although there was a lengthy delay before McGiffin received catheters, he has not shown that a fact issue exists on the issues whether the delay was due to the deliberate indifference of Curry or Dr. Green or that the delay resulted in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). At most, the delays or inadequate treatment constitute negligence, which does not rise to the level of deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). McGiffin's allegations that Curry made unprofessional remarks to him during treatment are not actionable. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding that verbal abuse by prison guard does not amount to a constitutional violation).

McGiffin has not shown that the conduct of Curry and Dr. Green violated a constitutional right. Therefore, he fails to show that the defendants were not entitled to qualified immunity. *See Lytle*, 560 F.3d at 410.

AFFIRMED.