# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2011

No. 09-10991
Summary Calendar

Lyle W. Cayce
Clerk

JAMES HULSEY,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-207

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Hulsey, Texas prisoner number 1118103, appeals from the district court's dismissal of his petition for habeas corpus relief as time-barred. Hulsey acknowledges that his first federal petition comes years after his state conviction became final but contends that the district court erred in failing to equitably toll the running of the Antiterrorism and Effective Death Penalty Act of 1996

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10991

("AEDPA") time bar because of his severe mental illness.  He further asserts that the district court abused its discretion in failing to appoint a mental health expert to assist Hulsey in presenting or the court in reviewing the relevant medical records.  After careful review of Hulsey's medical records that were presented to the district court, we conclude that Hulsey has not established that the district court abused its discretion.

We AFFIRM.

## I.  Facts & Procedural History

James Hulsey was charged in Texas state court with multiple counts of aggravated assault with a deadly weapon.  A jury convicted Hulsey of the charges on July 31, 2002, and the state trial court imposed a sentence of thirty years imprisonment.  The Second District Court of Appeals affirmed on October 30, 2003, *Hulsey v. State*, Nos. 2-02-310-CR & 2-02-311-CR, 2003 Tex. App. LEXIS 9253, at *5 (Tex. App.—Fort Worth Oct. 30, 2003, no pet.) (unpublished mem.); Hulsey did not file a petition for discretionary review with the Texas Court of Criminal Appeals, and his conviction became final for AEDPA purposes on December 1, 2003.[1]

Between 2002 and at least the time of the filing of this appeal, Hulsey has been incarcerated in Texas state and local facilities.  While incarcerated, Hulsey received extensive inpatient psychiatric care for a serious condition with psychotic symptoms.[2]  His principal complaints throughout the years covered by

---

[1] Under AEDPA, a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When, as here, the defendant ceases the appeals process before reaching the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  Hulsey had thirty days, ending on December 1, 2003, to file his appeal with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.2(a).

[2] Hulsey has been most consistently diagnosed with schizoaffective disorder, depressive type.

No. 09-10991

the record have been auditory hallucinations and severe depression. Although Hulsey describes some of his mental health symptoms, he never articulates a reason why he was able to file the pleadings he has filed at the time he did but was unable to do so before. In other words, he has not articulated some changed circumstance in his mental condition between earlier periods and the periods described below where he made habeas filings.

On October 18, 2007, Hulsey filed two state petitions for habeas corpus; relying on the trial court's findings of fact, the Texas Court of Criminal Appeals rejected both without written order on February 20, 2008.

On March 31, 2009, Hulsey filed this petition for habeas corpus in the United States District Court for the Northern District of Texas. The matter was initially referred to a magistrate judge, who recommended dismissal of the petition as time-barred. Hulsey timely filed objections. Before accepting the magistrate judge's recommendation, the district judge ordered the State to file all of Hulsey's medical records with the court to assist in the evaluation of Hulsey's argument for equitable tolling. The State submitted 1,106 pages of Hulsey's medical records covering approximately late 2001 through early 2009, albeit with significant gaps. Most importantly, the record contains virtually no information concerning Hulsey's treatment and condition in 2003 and 2004.[3]

The district court reviewed the medical records and entered a final judgment rejecting Hulsey's claim of equitable tolling and dismissing the petition as time-barred. Hulsey filed a notice of appeal, which the district court construed as a motion for a certificate of appealability ("COA") and denied. Hulsey moved for reconsideration, and the district court denied that motion as well.

---

[3] The State has never offered an explanation for these gaps.

No. 09-10991

We granted a COA as follows: "(1) whether the district court's review of [Hulsey's] medical records, without expert opinion or other guidance, was sufficient to properly evaluate Hulsey's claim that he is entitled to equitable tolling because his mental condition rendered him unable to pursue his legal rights during the years 2005 through 2008; and (2) if the district court erred in its evaluation of Hulsey's medical records for 2005 through 2008, whether the district court's decision, based on incomplete records, not to consider whether Hulsey's medical records established that he was unable to file for federal habeas relief in 2003 and 2004 was correct."[4]  *Hulsey v. Thaler*, No. 09-10991 (5th Cir. May 21, 2010) (order granting COA in part and denying COA in part). We denied all other asserted grounds for a COA.  *Id.*  Our jurisdiction on appeal is limited to the two issues covered by the COA.  *Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004).

## II.  Standard of Review

Because the decision to invoke equitable tolling is discretionary, we review the district court's grant or denial of equitable tolling only for an abuse of that discretion.  *Cousin v. Lensing*, 310 F.3d 843, 847–48 (5th Cir. 2002).  The district court is similarly vested with the discretion to appoint or decline to appoint an expert mental health professional to assist a party under 18 U.S.C. § 3006A, *see United States v. Hardin*, 437 F.3d 463, 468 (5th Cir. 2006), or the court under Federal Rule of Evidence 706, *see Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008) (citing *Fugitt v. Jones*, 549 F.2d 1001, 1006 (5th Cir. 1977)).

We thus review both of the issues appealed for abuse of discretion.  "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to

---

[4] Our disposition of this appeal makes it unnecessary to consider the State's contention that the COA regarding the 2003 and 2004 years was improperly granted.

No. 09-10991

the facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc).

## III.  Discussion

### A.  *Expert Assistance*

Hulsey's first claim is that the district court abused its discretion in refusing to appoint a mental health professional, either under 18 U.S.C. § 3006A(e) to assist Hulsey or under Federal Rule of Evidence 706 to assist the court, to review Hulsey's medical records.  He points, however, to no authority that meaningfully supports his position. In cases where it applies,[5] § 3006A(e)(1) requires appointment of an expert witness to assist an indigent party where the expert's "services are necessary." § 3006A(e)(1); *see also United States v. Williams*, 998 F.2d 258, 263–64 (5th Cir. 1993) (holding that the movant must show that the appointment of an expert is "necessary for adequate representation").  In prior decisions, we have suggested that a district court does not abuse its discretion in refusing to appoint an expert where the expert would add no additional information beyond that already in the record, *see United States v. Collins*, 205 F. App'x 196, 199 (5th Cir. 2006) (unpublished);[6] and where the movant has not demonstrated any prejudice from the denial of appointment, *see United States v. Walborn*, 730 F.2d 192, 194 (5th Cir. 1984); *see also Collins*, 205 F. App'x at 199.  A similar standard applies to the appointment of an expert under Federal Rule of Evidence 706.  The purpose of Rule 706 is to allow "the appointment of an expert to aid the court," as distinct from an expert appointed for the benefit of a party.  *See Hannah v. United States*, 523 F.3d 597, 600 (5th

---

[5] Because we find no error in the district court's refusal to appoint counsel under the standard of § 3006A(e)(1), we will assume without deciding that that subsection in fact applies wholesale to non-capital habeas cases such as this.

[6] While unpublished, *Collins* holds persuasive value, particularly in light of the limited recent case law in this circuit applying § 3006A(e)(1) outside of the insanity defense context.

Cir. 2008). In an unpublished decision, we have emphasized that a district court therefore cannot abuse its discretion under *Hannah* if the movant does not "show[] that [the expert] testimony would have aided the court." *See McGiffin v. Curry*, No. 09-20800, 2010 U.S. App. LEXIS 23653, at *2–3 (5th Cir. Nov. 17, 2010) (unpublished).

Hulsey does not claim that a mental health professional would have been of assistance for the purpose of evaluating Hulsey now; rather, the putative appointed expert would only have reviewed Hulsey's records. The records at issue are the observations, written in plain English, of the various mental health providers who treated and worked with Hulsey while he has been in the State's custody. In that respect, they already represent the firsthand, trained observations of experts; Hulsey has not explained what more an appointed expert would have added. To the extent that Hulsey argues that an expert would be able to testify to the possible side effects of the medication that Hulsey was prescribed, that testimony would be of little use to the court in the face of the regular observations of the prescribing medical professionals as to the side effects that Hulsey actually experienced.

In short, the evidence already in the record is precisely the kind of evidence that an expert witness retained under § 3006A(e) or Rule 706 would be expected to give. The district court is competent to evaluate such expert material. Hulsey does not challenge the medical records' accuracy or admissibility; he merely contends that the district court was not competent to evaluate their import on its own. While there may be circumstances where that is true, under the facts of this case and the records presented here, we reject that contention and find no abuse of discretion in the district court's refusal to appoint an expert mental health professional. We find no error with respect to the first issue on which the COA was granted.

*B.     Equitable Tolling*

The second issue requires us to assess whether the district court's rejection of the equitable tolling argument for the years 2005 through 2008 is correct and, if it is not, to look at years 2003 and 2004. Thus, we first address the equitable tolling issue as to 2005 through 2008. Under AEDPA, a state habeas petitioner generally has one year following the finality of the underlying judgment to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). A number of exceptions apply, two of which are relevant here. First, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [is] not . . . counted toward" the one-year time bar on federal review. *Id.* § 2244(d)(2). A state petition filed after the AEDPA time limit has already run, however, has no effect on the time bar. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[Petitioner]'s state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired."). Second, the Supreme Court recently confirmed the practice of this and other circuits in "hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Under *Holland*, "a habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted), *cert. denied*, 79 U.S.L.W. 3492 (2011). *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence," 130 S. Ct. at 2565 (internal citations and quotation marks omitted), and we have similarly stated

No. 09-10991

that equitable tolling is unavailable to "those who sleep on their rights," *see, e.g.*, *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).[7]

A review of Hulsey's medical records shows that the district court did not err in its assessment of the facts underlying the equitable tolling claim. For the period from between approximately September 2005 through at least early August 2007, Hulsey's condition was stable. During that time, while Hulsey was housed at the Skyview facility—an inpatient psychiatric care facility within the Texas Department of Criminal Justice—Hulsey was under the near-constant supervision of mental health professionals. According to their records, Hulsey was regularly receiving prescribed doses of psychotropic medications, reported his symptoms as under control, participated in weekly group therapy and intermittent activities, and consistently denied any disabling side effects of any of the medications.

Hulsey is correct that the records suggest that he was not doing well in 2002, are silent as to 2003 and 2004, and show that his condition worsened significantly during and subsequent to his transfer in early 2008 to an Ector County, Texas facility on a bench warrant. But the absence of records for 2003 and 2004 and the fact that there are periods of time in early 2005, 2007, and 2008 during which Hulsey was clearly unwell are irrelevant. For the entire calendar year of 2006—and, indeed, for some months in late 2005 and early 2007—the medical records clearly support the district court's finding that Hulsey was sufficiently competent to have prepared and filed his petition for habeas corpus. Indeed, during this time Hulsey requested his medical records from a

---

[7] *Holland* was, of course, decided after the district court entered judgment in this case. On the facts of this case, we see no reason to remand to the district court for reconsideration in light of *Holland*, as none of the principles of equitable tolling stated in our pre-*Holland* precedent upon which the district court relied was altered or changed by *Holland* in any way that would affect Hulsey's case.

No. 09-10991

state hospital, visited and expressed concern about his access to the law library, and was at one point even apparently working in the law library.

Hulsey was thus stable and capable of filing his petition for a period of time that lasted over a year. During this time, he filed neither his state nor his federal habeas petitions. He offers no explanation for why he was able to file his state petition in late 2007 and his federal petition in 2009 but was unable to do so in 2005 or 2006. We will not find an abuse of discretion in the district court's refusal to apply equitable tolling where the petitioner's asserted basis for equitable tolling still leaves more than a full year of "AEDPA time." *See Wickware v. Thaler*, No. 09-20136, 2010 U.S. App. LEXIS 25465, at \*14–16 (5th Cir. Dec. 13, 2010) (unpublished) (citing *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *Hardy v. Quarterman*, 577 F.3d 596, 597, 599 (5th Cir. 2009) (per curiam), and *Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (unpublished)).[8] To do so would be inconsistent with the one-year time limitation in § 2244(d)(1)(A). As a result, we do not reach the question of the alleged missing records from 2003 and 2004.

## IV. Conclusion

The judgment of the district court is therefore AFFIRMED. Hulsey's pending motions before this court for appointment of counsel, for appointment of a psychiatric expert, and to compel production of the 2003 and 2004 medical records are DENIED.

---

[8] We cite *Wickware*, which is non-precedential, for its persuasive value on very similar facts. *Cf.* 2010 U.S. App. LEXIS 25465, at \*15 ("Wickware [had] the equivalent of at least fourteen total months of AEDPA time even accepting his argument for equitable tolling and subtracting the entire timeframe of the state court habeas proceedings. . . . Even giving him all benefit of the doubt on this argument, then, Wickware's federal petition is untimely. ").