United States Court of Appeals

Fifth Circuit

**F I L E D**

**October 6, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-11347
Summary Calendar

LANCE GERHARD EDWARDS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-
Appellee.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2673-M
-----------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:*

In May 1998, Lance Gerhard Edwards, now Texas prisoner #831407, was convicted by guilty plea of burglary of a habitation with the intent to commit theft and sentenced to 30 years' imprisonment. He appeals from the district court's dismissal of his 28 U.S.C. § 2254 application as time-barred. The district court granted a certificate of appealability as to: (1) whether the initial filing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Edwards's state habeas corpus application constituted a "properly filed" application for purposes of the statutory tolling provision under 28 U.S.C. § 2244(d)(2); and (2) whether Edwards was entitled to equitable tolling. This court reviews <u>de novo</u> the district court's denial of a § 2254 application based upon procedural grounds. <u>Grillette v. Warden, Winn Corr. Ctr.</u>, 372 F.3d 765, 769 (5th Cir. 2004).

The initial filing of Edwards's state habeas corpus application did not constitute a "properly filed" application for purposes of 28 U.S.C. § 2244(d)(2) because the Texas Court of Criminal Appeals determined that the application failed to comply with TEX. R. APP. P. 73.2. <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000); <u>Larry v. Dretke</u>, 361 F.3d 890, 895 (5th Cir. 2004). Moreover, Edwards has failed to allege circumstances warranting equitable tolling from the time he initially filed his state habeas corpus application to the time that application was returned to him for noncompliance. <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 170-71 (5th Cir. 2000); <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999). Accordingly, because the district court properly dismissed Edwards's instant application as barred by limitations, the district court's judgment is AFFIRMED.