United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10334
Summary Calendar
_____

L.E. WEBB, JR.,

                                        Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1705-G
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    L.E. Webb, Jr. ("Webb"), Texas prisoner # 1051215, appeals
the district court's dismissal in part of his federal writ of
habeas corpus pursuant to 28 U.S.C. § 2254.  Specifically, the
district court dismissed Webb's ineffectiveness claim relating to
the validity of his guilty plea as time-barred.  Webb filed his
federal petition for writ of habeas corpus to challenge his 60-
year sentence for aggravated robbery.  This court granted a

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certificate of appealability ("COA") on whether the district court erred in dismissing Webb's federal writ application in part as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Webb believes that the district court miscalculated the limitation period because the respondent had determined that he was four days late, and the district court had essentially given him four days' credit on the filing date of his § 2254 application (from July 29, 2003, to July 25, 2003). Webb misstates the record. The respondent determined that Webb was <u>five</u> days late. The district court and the respondent both determined that July 24, 2003, was the last day to file a timely § 2254 application. Webb has not identified any other error with respect to the district court's limitation calculation.

Webb also argues that he is entitled to equitable tolling of the AEDPA's time limitations period. Specifically, he asserts that he is entitled to equitable tolling from July 5, 2002, the date he delivered his state writ application to prison officials for mailing, to July 18, 2002, the date it was stamped by the Clerk as filed. Webb further argues that he is entitled to equitable tolling due to the limited resources available to pro se litigants and because he diligently pursued his 28 U.S.C. § 2254 relief.

The district court's determination that Webb is not entitled to equitable tolling was not an abuse of discretion. Equitable

tolling of the AEDPA's one-year limitations period is appropriate only in "rare and exceptional circumstances." Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000) (internal quotation marks and citation omitted). Webb is under the impression that he is entitled to the mailbox rule regarding his state writ application. However, this court has declined to extend the mailbox rule to determine the filing dates for state habeas corpus petitions. See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Further, Webb's assertion that he diligently pursued his 28 U.S.C. § 2254 relief is not supported by the record. As the district court noted, Webb did not seek post-conviction relief until 11 months after his conviction had become final. Webb offers no explanation for his delay other than his conclusional allegation that he is a pro se litigant with limited resources. Webb has failed to demonstrate such rare and exceptional circumstances so as to warrant equitable tolling. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Accordingly, the district court did not abuse its discretion in rejecting his equitable tolling arguments. Id.

Based on the foregoing, the judgment of the district court dismissing Webb's ineffectiveness claim relating to the validity of his guilty plea as time-barred is AFFIRMED.