United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10928
Summary Calendar
_____

LEE EDWIN CALDWELL,

                                        Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2706-R
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:*

    Lee Edwin Caldwell, formerly Texas prisoner # 936708, was

convicted after a bench trial of false imprisonment.  The

district court dismissed Caldwell's 28 U.S.C. § 2254 application

as time-barred, but granted a certificate of appealability as to

whether it erred in determining that his application was untimely

and that the limitations period should not be equitably tolled.

Caldwell argues, inter alia, that he is entitled to equitable

tolling based on his medical condition, delays he encountered in

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtaining documents, problems with sending and receiving mail, limitations on his access to the law library, and intimidation by his cellmates.

The district court did not err in determining that Caldwell's § 2254 application was untimely. The limitations period was tolled by Caldwell's first state application for postconviction relief, which was prepared by counsel. See § 2244(d)(2). Caldwell filed a second state application for postconviction relief, pro se, one year after the decision denying his first application. His second application was rejected for failure to comply with TEX. R. APP. P. 73.2, and, therefore, did not toll the limitations period because it was not properly filed. See Artuz v. Bennett, 531 U.S. 4, 8 (2000). Caldwell's later-filed § 2254 application was untimely. See § 2244(d)(1).

Although Caldwell has asserted that he encountered numerous problems in preparing his second state application for postconviction relief, he has not supported these allegations with evidence of the rare and exceptional circumstances necessary to warrant equitable tolling. See Lookingbill v. Cockrell, 293 F.3d 256, 263-64 (5th Cir. 2002). We note, in particular, the absence of specific evidence of the impact of his medical conditions on his ability to file a timely application, the lack of evidence regarding why certain documents were necessary to the preparation of his application, and the fact that Caldwell was

able to prepare a lengthy application.  The district court did not abuse its discretion in denying equitable tolling.  <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351, 361-62 (1996); <u>Coleman v. Johnson</u>, 184 F.3d 398, 402-03 (5th Cir. 1999); <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Caldwell's request for the appointment of counsel is DENIED.

AFFIRMED.