United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 03-40869
Summary Calendar

_____

JOHN W. CHARLESTON,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(2:03-CV-109)

_____

Before DAVIS, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John W. Charleston, Texas prisoner #894099, appeals the judgment dismissing as time barred his habeas-corpus application challenging his 1999 aggravated robbery conviction. *See* 28 U.S.C. § 2244(d). The parties do not dispute Charleston's conviction becoming final on 19 June 2001. Accordingly, absent statutory or

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

equitable tolling, Charleston had one year, or until 19 June 2002, within which to file a federal habeas application. *See **Flanagan v. Johnson***, 154 F.3d 196, 199 (5th Cir. 1998).

Charleston filed a petition for a writ of mandamus with the Texas Court of Criminal Appeals on 7 February 2002; leave to file was denied on 6 March 2002. A state habeas application was filed on 20 May 2002; that application was dismissed, on Charleston's motion, on 18 September 2002. Charleston filed an "application for writ of innocence" on 16 September 16 2002; it was later dismissed on 20 November 2002 for noncompliance with state appellate rules. Charleston filed another habeas application on 9 December 2002; that application was denied without written order on 5 March 2003. Charleston filed for federal habeas relief on 26 April 2003. In June 2006, this court granted a certificate of appealability (COA) on whether the district court abused its discretion in refusing to equitably toll the limitation period.

Charleston first contends the limitation period was *statutorily* tolled. Because this issue was *not* certified for appeal, we do *not* consider it. *See **Lackey v. Johnson***, 116 F.3d 149, 151 (5th Cir. 1997). On the other hand, because the pertinent events inform our decision on the certified issue for appeal, equitable tolling *vel non*, they are presented here.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the

2

pertinent judgment or claim is pending shall not be counted toward any period of limitation under" 28 U.S.C. § 2241(d)(1). 28 U.S.C. § 2244(d)(2). Because Charleston's February 2002 mandamus petition, which sought an order compelling the trial court to rule on a pending motion for discovery, did not seek review of the judgment pursuant to which he is incarcerated, it did not constitute "other collateral review" for purposes of 28 U.S.C. § 2244(d)(2) and did not toll the limitation period. *See **Moore v. Cain***, 298 F.3d 361, 366–67 (5th Cir. 2002). The application for "writ of innocence" was dismissed because Charleston failed to comply with the Texas Rules of Appellate Procedure, and the limitation period did not toll during the pendency of that application. *See **Caldwell v. Dretke***, 182 F. App'x 346, 347 (5th Cir. 2006); ***Edwards v. Dretke***, 116 F. App'x 470 (5th Cir. 2004).

Assuming that the first state habeas application (filed on 20 May 2002) tolled the limitation period, 335 days elapsed between the date on which the conviction became final and the date on which that application was filed. Accordingly, the limitation period expired on 18 October 2002, 30 days after the date on which the first state habeas application was dismissed. (Because the application filed in December 2002 was filed after that October date, it did not toll the limitation period. *See **Scott v. Johnson***, 227 F.3d 260, 263 (5th Cir. 2000)).

3

For the certified issue, Charleston contends that the limitation period should be equitably tolled because: he did not receive actual notice of the denial of his last state habeas application, filed in December 2002, until April 14, 2003; and he pursued state relief diligently. A district court's decision not to allow equitable tolling is reviewed for abuse of discretion. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). The court did *not* abuse its discretion. "[E]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights ....". *Id.* (internal citations and quotation marks omitted). Because Charleston's state application was filed *after* the federal limitation period expired, any delay in notifying Charleston of the denial of that application could not have prevented him from filing a timely federal habeas application. Although Charleston contends his state habeas applications were delayed while he pursued discovery, Charleston's substantive claims challenge the form of the indictment, the charge, and the trial court's jurisdiction—all facts known to him from the outset of the criminal proceedings. Charleston was not diligent in pursuing state relief. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). (Charleston also asserts: the district court abused its discretion by failing to apply properly the mandatory language of TEX. CODE CRIM. P. art. 11.07 § 5; because COA has not been granted

4

as to this issue, the court is without jurisdiction to consider it.
*See **Lackey***, 116 F.3d at 151.)

***AFFIRMED***