# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 09-20136

Lyle W. Cayce
Clerk

CLEMMIE R WICKWARE,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3806

Before BARKSDALE, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Clemmie Wickware, Texas state prisoner number 555001, appeals from
the district court's denial of his petition for habeas corpus relief as time-barred
under 28 U.S.C. § 2244(d)(1)(A).  We granted a certificate of appealability
("COA") on two issues: (1) whether the State of Texas (the "State") created an
impediment to Wickware's timely filing within the meaning of 28 U.S.C.
§ 2244(d)(1)(B) by denying him access to legal materials or by waiting nine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20136

months to reject his state habeas application as procedurally deficient, and (2) whether the State's same actions entitle Wickware to equitable tolling of the limitations period prescribed by § 2244(d)(1)(A).  Although Wickware makes other arguments on appeal, we only have jurisdiction to consider claims as to which a COA has issued.  *Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004).  We therefore confine our review to these two issues.

We hold that Wickware has not made the showing required to entitle him to statutory or equitable tolling.  Accordingly, we AFFIRM.

## I.  Facts & Procedural History

Clemmie R. Wickware was convicted of assault on a public servant in Texas state court on March 31, 2000 and sentenced to fifty years imprisonment. Texas's First District Court of Appeals affirmed Wickware's conviction on March 7, 2002.  *Wickware v. State*, No. 01-00-00729-CR, 2002 Tex. App. LEXIS 1700, at *8 (Tex. App.—Houston [1st Dist.] Mar. 7, 2002, pet. ref'd).  The Texas Court of Criminal Appeals ("TCCA") refused Wickware's petition for discretionary review ("PDR") on October 2, 2002.

On August 29, 2003, Wickware completed a state petition for habeas corpus; the court received and docketed the petition on September 15, 2003. Nine months later, on June 23, 2004, the TCCA rejected his petition on the grounds that Wickware had failed to set out the asserted errors and relevant facts on the required form as required by Texas Rules of Appellate Procedure 73.1 and 73.2.  On July 2, 2004, Wickware refiled his state habeas petition, and the TCCA ordered multiple evidentiary hearings.  *See Ex parte Wickware*, No. WR-22,937-20, 2006 Tex. Crim. App. Unpub. LEXIS 26, at *2–3 (Tex. Crim. App. Sept. 13, 2006).  Ultimately, the TCCA denied Wickware's petition on April 4, 2007.  *See Ex parte Wickware*, No. WR-22,937-20, 2007 Tex. Crim. App. Unpub. LEXIS 846, at *2 (Tex. Crim. App. Apr. 4, 2007).  Wickware did not file a petition for writ of certiorari with the United States Supreme Court.

No. 09-20136

On October 18, 2007, Wickware filed a federal application for habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Texas.[1]   The State moved for summary judgment, contending that the federal habeas application was time-barred because it was filed outside the one-year limitation period prescribed by AEDPA. *See* 28 U.S.C. § 2244(d)(1).  Wickware opposed the motion, but the district court agreed with the state and granted summary judgment and sua sponte denied a COA. Wickware timely appealed and requested a COA from this court.  We granted a COA as to the equitable and statutory tolling issues alone on December 3, 2009, and denied Wickware's request for a COA on all other issues raised.

## II.  Standard of Review

We review de novo the district court's grant of summary judgment denying a state petitioner's request for habeas relief. *E.g.*, *Goodrum v. Quarterman*, 547 F.3d 249, 255 (5th Cir. 2008).  We may affirm a grant of summary judgment on any ground supported by the record, even if different from the reason relied upon by the district court. *Id.*  "Because the district court granted summary judgment to the State, this court must determine whether the record discloses any genuine issues of material fact, such that would preclude summary judgment in the State's favor." *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).  While we are, in undertaking this assessment, normally required to view the facts in the light most favorable to the nonmoving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), the Supreme Court has made clear that, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable [trier of fact] could believe it, a court should not adopt that version

---

[1] Consistent with the established law of this circuit, we refer to the date that Wickware certified that a federal filing was placed in the prison mail system as its "filing date." *See, e.g.*, *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).  By contrast, we treat state filings as made when received and filed by the court. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

3

No. 09-20136

of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380.

Because the decision to invoke equitable tolling is discretionary, we review the district court's grant or denial of equitable tolling for abuse of discretion. *Cousin v. Lensing*, 310 F.3d 843, 847–48 (5th Cir. 2002). Of course, "a court by definition abuses its discretion when it makes an error of law," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and we review the conclusions of law that underlie the district court's ruling on equitable tolling de novo, *see Fisher v. Johnson*, 174 F.3d 710, 713 & n.9 (5th Cir. 1999).

## III.  Discussion

As a background principle, AEDPA generally prohibits a state prisoner from filing a habeas corpus petition challenging a state conviction more than one year after the conclusion of the period for seeking direct review of that conviction. 28 U.S.C. § 2244(d)(1)(A). This one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." § 2244(d)(2). However, neither an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period has any effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.");[2] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[Petitioner]'s state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired.").

---

[2] We have repeatedly applied the rule of *Artuz* to the TCCA's rejection of filings pursuant to Texas Rule of Appellate Procedure 73.2 in several unpublished decisions. *E.g.*, *Whitlock v. Quarterman*, No. 06-11066, 2008 U.S. App. LEXIS 17196, at *2 (5th Cir. Aug. 8, 2008); *Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006); *Edwards v. Dretke*, 116 F. App'x 470, 471 (5th Cir. 2004). While non-precedential, these decisions are, especially taken together, strongly persuasive on nearly identical facts.

No. 09-20136

The district court thus correctly held that, if Wickware's petition is governed by the general rule of § 2244(d)(1)(A) and equitable tolling does not apply, it was untimely. Wickware's conviction became final for AEDPA purposes on December 31, 2002,[3] and he thus had until December 31, 2003 either to properly file a state petition to toll the federal limitations period or to file his federal petition. Wickware did not "properly file" his state petition until July 2, 2004, nor did he file his federal petition until October 18, 2007; both filings came well outside the regularly-calculated limitations window.

This appeal concerns exceptions to the general rule. Wickware alleges that the State engaged in two distinct acts of misconduct that entitle him to two alternative avenues of relief from the AEDPA limitations bar. Specifically, Wickware asserts that the State (1) denied him access to the proper forms and legal materials needed to prepare his first state habeas application in compliance with the TCCA's rules, and (2) took an excessively long time to reject that application as noncompliant with those rules. He thus seeks (1) the benefit of the statutory limitations extension provided by § 2244(d)(1)(B) for state-created impediments to filing or, alternatively, (2) equitable tolling of the § 2241(d)(1)(A) one-year limitations period by virtue of the state's alleged misconduct. We begin by describing in further detail the two forms of wrongdoing that Wickware asserts and then apply the record developed at summary judgment to the two forms of relief sought.

---

[3] The TCCA refused Wickware's PDR on October 2, 2002; after allowing ninety days thereafter for the period during which Wickware could have filed a petition for writ of certiorari with the United States Supreme Court, the state judgment became final on December 31, 2002. *See Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004) ("[Petitioner]'s conviction . . . became final for AEDPA purposes 90 days after the [T]CCA denied his PDR.").

No. 09-20136

*A.   Challenged State Actions*

1.   State Habeas Corpus Application Forms

Wickware first claims that the State failed to provide him with the proper forms he needed to comply with Texas Rules of Appellate Procedure 73.1 and 73.2. Wickware asserts that he was provided with out-of-date copies of the forms on which the TCCA requires state applications for habeas corpus to be submitted and that these forms did not reflect recent revisions. Wickware further asserts that the TCCA ultimately rejected his filing because he was using the old version of this form, and that as soon as he discovered that there were new versions of the form, he refiled the application.   It appears from the record, however, that the TCCA rejected Wickware's application not because it was made on the wrong form but because the TCCA concluded that he did not fill out the form properly. The letter from the TCCA's clerk returning the court's order dismissing his application reads: "We are returning this application because it does not comply with Rule 73.2 of the Texas Rules of Appellate Procedure.   Specifically: Applicant does not set out his grounds of error, or facts, on the required form. *He merely refers to an attached memo.*"   Clerk's Return of Application at 1, *Ex parte Wickware*, No. 22,937-18 (Tex. Crim. App. June 23, 2004) (emphasis added).

Important here is that Wickware's assertion that he was provided with the *wrong* form is both belied by the record[4] and impossible.  The State argues that the Texas Rules of Appellate Procedure and the general orders of the TCCA

---

[4]  Wickware's original state petition was not included in the record filed by the State in response to the district court's order that the State, "in lieu of a formal Answer . . . provide to the court, on or before March 28, 2008, a complete copy of the state court records for" Wickware's case.  The State subsequently provided this court with a copy of the of the original state petition.  While we note that the State unquestionably should have either produced this state petition in response to the district court's order or moved for modification of the order, because Wickware "neither objected [to the omission] nor requested that additional [state court records] be furnished, and no prejudice has been shown[,] . . . no error has been committed." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

6

make clear that the form required by Rule 73.1 was created in the first instance in 2000 when Rule 73 was adopted and has only ever been changed in 2007.[5] Therefore, the State reasons, Wickware could not, in 2002 or 2003, have been provided by the prison with an "out-of-date" form, as there was only one version of the form then extant. The State further points out that Wickware's refiled application, which the TCCA did accept for filing and reviewed on the merits, was made on the original 2000 version of the form.

We discern no genuine issue of material fact suitable for further evaluation by the district court on this point. As the Supreme Court has cautioned, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable [trier of fact] could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. We decline to assume the accuracy of Wickware's contention that the prison system provided him with an "out-of-date" habeas application form when no such form existed and when the form he originally filed is the same as the "correct form." We therefore also conclude that the TCCA must not have rejected Wickware's filing for employing an out-of-date version of the habeas corpus application form. Therefore, we need not and do not address whether a state's provision of out-of-date forms would constitute a basis for statutory or equitable tolling for a habeas petitioner.

### 2. Delay in Ruling

The remainder of our analysis instead focuses on the second instance of alleged misconduct that Wickware asserts: the nine-month gap between

---

[5] *See* Order Amending Texas Rules of Appellate Procedure at 4–14, Misc. No. 00-101 (Tex. Crim. App. Oct. 16, 2000) (adopting rule and promulgating form); Order Approving Revisions to the Form for an Application for a Writ of Habeas Corpus Seeking Relief from a Final Felony Conviction Under Code of Criminal Procedure Article 11.07, Misc. No. 06-103 (Tex. Crim. App. Mar. 5, 2007).

No. 09-20136

Wickware's filing of his first state habeas application in the state trial court and the TCCA's order—signed by Judge Paul Womack—rejecting the application for noncompliance with Rule 73.1. The State does not contend that any unusual situation caused any delay in handling Wickware's application.

Under Texas's habeas corpus statute, the State normally has fifteen days to respond to a filed application for habeas corpus, and the trial court then has twenty days to make initial findings and refer the application to the TCCA. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(b), (c). Wickware attaches to his brief a response filed by the State on September 29, 2003, and "Findings of Fact" from the state trial court dated October 1, 2003, determining his application to be meritless and recommending denial by the TCCA. Wickware filed a mandamus petition with the TCCA on November 26, 2003, to determine the status of his petition. On January 28, 2004, the TCCA ordered the state to file a response, *Ex parte Wickware*, No. 22,937-17, slip op. at 1–2 (Tex. Crim. App. Jan. 28, 2004), before ultimately rejecting the mandamus petition together with the application for habeas corpus itself six months later. Wickware also attaches to his brief a postcard notice from the TCCA dated February 6, 2004 and mailed March 1, 2004 stating: "On this day, the application for 11.07 Writ of Habeas Corpus has been received and presented to the Court." It is not clear from the record, however, what else, if anything, transpired prior to the court's dismissal order dated June 23, 2004.

### B.   *Remedies*

#### 1.    Equitable Tolling

As the Supreme Court has recently announced, AEDPA's statute of limitations is subject to equitable tolling in proper cases. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted). *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence," 130 S. Ct. at 2565 (internal citations and quotation marks omitted), and we have repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights," *see, e.g.*, *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

Giving Wickware all benefit of the doubt, equitable tolling still would not help him. Even if we fictionally extend the benefit of § 2244(d)(2) to his improperly filed petition and discount the entire period of time from Wickware's original filing of his state habeas application on August 29, 2003, and the TCCA's ruling on the merits of Wickware's second application on April 4, 2007, Wickware would fail to meet the AEDPA time limits. Wickware's conviction became final for AEDPA purposes on December 31, 2002; he then waited approximately eight months before filing his first state habeas application. After the TCCA ruled on the merits of his second application, Wickware waited another six months before filing his federal petition, giving Wickware the equivalent of at least fourteen total months of AEDPA time even accepting his argument for equitable tolling and subtracting the entire timeframe of the state court habeas proceedings. Wickware nowhere offers any colorable explanation for his delay in filing his state application in the first instance or in filing his federal application after the TCCA's ruling on the merits. Even giving him all benefit of the doubt on this argument, then, Wickware's federal petition is untimely. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that a petitioner was not entitled to equitable tolling where he waited six months to file a federal petition after any state misconduct ended); *see also Hardy v. Quarterman*, 577 F.3d 596, 597, 599 (5th Cir. 2009) (per curiam) (holding that petitioner was diligent for equitable tolling purposes where

petitioner filed state petition two months after conviction was final and filed federal petition seven days after discovering state had denied petition on the merits); *Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (unpublished) (declining to extend equitable tolling where tolling argument did not explain prisoner's separate 11-month delay in seeking state postconviction relief).[6]

2.    § 2244(d)(1)(B)

Wickware's other argument is that he is entitled to relief under the statutory time-bar reset provision of § 2244(d)(1)(B) because the state delayed so long, in his view, in dismissing his application. If that provision applies, then the one-year AEDPA limitations period would begin when "the impediment to filing . . . was removed," § 2244(d)(1)(B), and Wickware's federal petition would be timely due to the tolling while the properly-filed state application was pending. In other words, if this argument were successful, Wickware would get a full year starting on June 23, 2004; combined with the tolling during his second application, his October 2007 federal filing would be timely.

The requirements for this restart are understandably steep. We have explained that, "[i]n order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Even assuming the first two prongs of this test are met here, Wickware fails the third. No federal statute compels the Texas courts to act on an application for habeas corpus within any particular time limits. Wickware can therefore only prevail in applying § 2244(d)(1)(B) by showing that the state's actions were so egregious as to constitute a violation of the United States Constitution. We held in *Critchley v. Thaler* that a state court system's

---

[6] While *Webb* is unpublished, we cite the case for its persuasive value on similar facts.

mishandling of a habeas corpus application could, under sufficiently exceptional facts, constitute an "impediment" within the meaning of § 2244(d)(1)(B). 586 F.3d 318, 321 (5th Cir. 2009). In *Critchley*, the state district clerk received and simply did not file the petitioner's first two state habeas applications and then delayed filing his third application for four months. *Id.* at 318–19. Characterizing the situation as "unique," we held that "the failure of the . . . County Clerks Office to timely file Critchley's and other prisoners' petitions for state post-conviction relief qualifies as a state-created impediment under § 2244(d)(1)(B)." *Id.* at 321.

*Critchley*, however, involved a complete absence of due process in the form of the repeated failure of a district clerk to comply with a ministerial duty to file. *See id.* at 319 ("The magistrate judge stated . . . that it was not clear 'if the . . . District Clerk simply discards state prisoners' mail, ignores it, loses it, or is so disorganized that filings are lost before they reach the file.'"). Here, by contrast, we have an alleged delay not in a ministerial act by a clerk, but in a judge's ruling, however "routine" or "simple" one might think the ruling is or should be. Wickware cites no authority for the proposition that a court's failure to rule for nine months[7] constitutes a federal constitutional violation entitling him to restart the AEDPA clock. Though we appreciate and share the viewpoint that rulings should be issued as quickly as possible, under the facts of this case, we cannot conclude that the delay in ruling amounted to a constitutional violation as contemplated by AEDPA.[8] We express no opinion on whether a delay in

---

[7] Nine months represents the time from Wickware's original filing in the state trial court to the entry of Judge Womack's order. Of course, part of these nine months was spent in the state trial court. The TCCA's postcard notice suggests that the matter was placed on the court's docket in February of 2004. Thus, from the TCCA's perspective, the time period for ruling was actually under five months.

[8] Because of our disposition of this appeal, it is unnecessary to reach the question of whether we should dismiss this appeal as barred by our order sanctioning Wickware in a previous case. *See Wickware v. Collins,* No. 95-40641, 81 F.3d 157, 1996 WL 101592, at *1 (5th

No. 09-20136

ruling could be so long as to warrant relief; we simply conclude this case does not present such a situation.

## IV.  Conclusion

For the foregoing reasons, we AFFIRM.

---

Cir. Feb. 29, 1996) (unpublished) (imposing sanction).