# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2013

Lyle W. Cayce
Clerk

No. 12-20151

CURTIS LEE JONES

Petitioner - Appellant

v.

WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2588

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A Texas jury convicted petitioner-appellant Curtis Lee Jones of aggravated assault with a deadly weapon and sentenced him to 30 years of incarceration. Jones appeals the district court's order dismissing his petition for habeas corpus relief. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20151

## I.

On November 3, 2006, Jones was convicted of aggravated assault with a deadly weapon in Texas state court, and sentenced to 30 years incarceration. On direct review, the Fourteenth Court of Appeals of Texas affirmed Jones' conviction on August 14, 2007, and thereafter, on March 5, 2008, the Texas Court of Criminal Appeals ("TCCA") refused Jones' petition for discretionary review. Jones did not file a petition for a writ of certiorari in the Supreme Court. Accordingly, Jones' conviction became final for purposes of federal habeas corpus review on June 3, 2008.[1]

On December 8, 2008, Jones filed a *pro se* habeas application in the state trial court. The state trial court then entered an order designating issues and requiring the filing of attorney affidavits. The attorney affidavits were filed on February 16, 2009 and September 11, 2009. Shortly thereafter, the state trial court sent the application to the TCCA, which received it on October 15, 2009. On that same day, Jones received a notice from the Clerk of the TCCA stating that his application for habeas had been "received and presented to the Court."[2]

On September 29, 2010, the TCCA dismissed Jones' habeas application as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure.[3] Jones explains that although he used the proper form for his state habeas application, he failed to follow the instructions on the form for completing it. Instead of making additional copies of page 10 to add additional grounds for relief as

---

[1] 28 U.S.C. § 2244(d)(1)(A); *see Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (noting that a conviction became final "the date on which the 90-day period in which to seek review with the United States Supreme Court expired").

[2] Appellant's Br. at 4.

[3] Rule 73.1 provides that an "application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals[.]" Tex. Rules App. Proc., Rule 73.1(a).

2

specified on the form, Jones explains that he instead inserted four pages into the middle of the form. Jones received a notice from the Clerk of the TCCA notifying him that his petition had been dismissed as non-compliant on that same day.[4]

Approximately one month after the dismissal, on October 26,2010, Jones filed an amended application that purported to correct any deficiencies. The Harris County District Attorney's Office then notified Jones that the amended application could not be accepted because the application had already been dismissed. Accordingly, on December 22, 2010, Jones filed a second state habeas application. The TCCA then denied this second state habeas application without written order on the trial court's findings without a hearing on May 25, 2011.

Jones filed the federal habeas petition at issue on July 11, 2011. In his federal habeas petition, Jones seeks relief on a number of grounds, including: (i) ineffective assistance of trial counsel; (ii) ineffective assistance of appellate counsel; (iii) state trial court error in accepting a competency evaluation report, admitting evidence of extraneous crimes and bad acts at trial, refusing to instruct the jury on an insanity defense, and making an affirmative deadly weapon finding; (iv) denial of due process when the state trial court failed to consider a psychiatric examination report by two other psychiatric facilities; and, (v) an unreasonable search and arrest.

The magistrate judge, *sua sponte*, directed Jones to file a written statement addressing whether the petition must be dismissed as untimely pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") and whether equitable tolling should apply. Jones filed the required written statement, arguing that there should be statutory and equitable tolling, as the state courts created an impediment to his filing a timely § 2254 application. Specifically, Jones argued that contrary to Rule 73.2 of the Texas Rules of

---

[4] Appellant's Br. at 4.

No. 12-20151

Appellate Procedure neither the state trial court nor the TCCA provided him with notice of deficiency of his habeas application and they did not provide him a reasonable opportunity to correct the deficiency. Jones also argued that he was diligent in attempting to correct the deficiencies and that his mental illness, as well as his lack of legal training, required a procedural safeguard.

The district court, on *de novo* review, considered the timeliness of Jones' petition and whether statutory or equitable tolling was warranted. The district court found that Jones' federal petition was untimely because Jones' first state habeas application was not "properly filed" as required for tolling under 28 U.S.C. § 2244(d)(2). Likewise, the district court explained that Jones' second habeas application did not toll the limitations period as it was filed after the AEDPA deadline had already passed. And the district court held that Jones was not entitled to statutory tolling under § 2244(d)(1)(B) because he failed to show that the state courts' delay in dismissing the first state habeas application was so egregious as to constitute a violation of the United States Constitution. Finally, the district court held that equitable tolling was not appropriate because Jones had not been diligent in pursuing his rights and Jones' *pro se* status did not excuse the failure to file a timely § 2254 application. The district court then dismissed the petition with prejudice.

Jones filed a timely notice of appeal and the district court denied Jones' request for a certificate of appealability. On October 2, 2012, this Court granted a COA, finding that Jones' claims of denial of effective assistance of counsel at trial and appeal are facially valid constitutional claims, and that reasonable jurists could debate whether equitable tolling should apply.

4

No. 12-20151

## II.

At the threshold, it is necessary to address the State's argument that the COA should not have issued.[5] The State argues that the Supreme Court made clear in *Jimenez v. Quarterman*[6] that a COA may issue "only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"[7] The State therefore argues that the facially valid test announced in *Houser v. Dretke*[8] is no longer applicable in light of *Jimenez*.

A review of the record makes clear that the COA properly issued. To begin with, the footnote in *Jimenez* was a restatement of the requirement explicated in *Slack v. McDaniel*, the same law on which this Court's decision in *Houser* relies.[9] Second, this Court made clear in the COA that Jones' federal habeas petition stated a facially valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Accordingly, the COA that issued comported with the requirements as explicated in *Slack* and repeated in *Jimenez*.

---

[5] *See Gonzalez v. Thaler*, 132 S.Ct. 641, 651 (2012) ("If a party timely raises [a] COA's failure to indicate a constitutional issue, the court of appeals panel must address the defect by considering an amendment to the COA.").

[6] 129 S.Ct. 681 (2009).

[7] *Id.* at 684 n.3 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[8] 395 F.3d 560, 562 (5th Cir. 2004).

[9] 129 S.Ct. at 684 n.3.

No. 12-20151

## III.

We review a district court's denial of equitable tolling for abuse of discretion.[10] AEDPA provides a one-year limitations period for filing habeas applications.[11] Here, the judgment against Jones became final on June 3, 2008, when the 90-day period for filing a petition for a writ of certiorari in the Supreme Court expired. Absent tolling, the statute of limitations for Jones to file an application for federal post-conviction relief ran on June 3, 2009. The district court held that statutory tolling was not available and that equitable tolling was not warranted. As the COA was granted only on the issue of equitable tolling, statutory tolling is not addressed.

It is well-established that "in rare and exceptional circumstances" AEDPA's one year statute of limitations "can be equitably tolled."[12] "Equity is not intended for those who sleep on their rights," and thus "[t]o establish his entitlement to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances

---

[10] *Henderson v. Thaler*, 626 F.3d 773, 779 (5th Cir. 2010) (citing *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006)).

[11] 28 U.S.C. § 2244(d)(1); *Henderson*, 626 F.3d at 777. The one year period runs from the latest of the following four dates:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

[12] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).

stood in his way and prevented timely filing."[13]   The required diligence is "reasonable diligence," not "maximum feasible diligence."[14]  In general, equitable tolling is warranted only in "situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights."[15]  Accordingly, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."[16]  Although only extraordinary cases justify equitable tolling, "the statute of limitations must not be applied too harshly" because "[d]ismissing a first § 2255 motion or habeas petition is a particularly serious matter."[17]

Here, even assuming that Jones was reasonably diligent in pursuing his rights, there was no extraordinary circumstance that stood in his way and prevented timely filing.   In essence, Jones argues that the state courts' failure to timely inform him that his habeas application was improperly filed misled him into missing his federal deadline for filing a federal habeas petition and thus is an extraordinary circumstance.   In addition, in his brief in support of his application for a COA, Jones argues that his mental illness should be taken into account in deciding whether equitable tolling is appropriate.

This is not an extraordinary circumstance warranting equitable tolling. To begin with, the claimed extraordinary circumstance arises from Jones' failure to comply with the state procedural rules; if Jones followed the instructions on

---

[13] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (internal quotation marks and citations omitted); *Holland*, 130 S.Ct. at 2565.

[14] *Holland*, 130 S.Ct. at 2562.

[15] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (internal quotation marks and citations omitted).

[16] *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation marks and citations omitted).

[17] *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (internal quotation marks and citation omitted).

the state application and submitted a properly completed habeas application, then his AEDPA deadline would have been subject to statutory tolling.[18] Indeed, the claimed extraordinary circumstance here is substantially similar to that in *Larry v. Dretke*.[19] In *Larry*, the petitioner filed his first state habeas application while his direct appeal to the United States Supreme Court was still pending.[20] Over a year after petitioner filed his state habeas application, the state trial court issued findings of fact and recommended denial his habeas petition on the merits.[21] The application was then forwarded to the TCCA, which promptly dismissed his application because the direct appeal was still pending.[22] The petitioner then filed his federal habeas claim, which was dismissed as untimely because petitioner's first state habeas application was not properly filed and his second state habeas application was filed after the AEDPA deadline had passed.[23] This Court affirmed the district court, explaining that statutory tolling was not available because the original state habeas claim was not properly filed.[24] Further, this Court held that equitable tolling was not warranted because it was the petitioner's "own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights." This is so because if petitioner "had

---

[18] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period or limitation under this subsection." (emphasis added)).

[19] 361 F.3d 890 (5th Cir. 2004).

[20] *Id.* at 892.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 892-93.

[24] *Id.* at 894-96.

properly filed his state habeas application in accordance with Texas law the federal statute of limitations would have tolled for the entire period his application was pending before the state habeas courts."[25] Moreover, the record indicated that the petitioner was aware of the relevant procedural rules.[26]

Here, too, it was Jones' failure to comply with the procedural rules for filing a state habeas application that prevented him from asserting his rights. If Jones had complied with the state procedural rules—printed on the state habeas application—for the form of a habeas application, then the period of time during which the state courts processed his application would have tolled AEDPA's statute of limitations.[27]   Like the petitioner in *Larry*, it was therefore Jones' failure to comply with state procedural rules, instead of any action by the State or state courts, that caused Jones to miss the AEDPA deadline.  Moreover, the instruction that Jones violated was on the state provided habeas application, and Jones's briefing makes clear that he had read the relevant instructions. Although this Court was "particularly unsympathetic" in *Larry* because the petitioner was a former lawyer, the same principle applies here: Jones's own action of filing an improperly completed state habeas application, "rather than any action taken by the state court, prevented him from asserting his rights."[28] Further, Jones waited six months after his conviction became final to file his first state habeas application; one month before filing his second application; and more than two months before filing his federal application.  We therefore cannot say that the district court abused its discretion by finding  that Jones failed to

---

[25] *Id.* at 897.

[26] *Id.*

[27] *See* 28 U.S.C. § 2244(d)(2).

[28] *Larry*, 361 F.3d at 897.

diligently pursue his rights and that, in any event, he was not "prevented in some extraordinary way from asserting his rights."[29]

Second, the present case is readily distinguishable from the state created delay found to warrant equitable tolling in *Hardy v. Quarterman*.[30] There, nearly a full year passed between the TCCA rendering its decision denying the habeas application and its notification of the petitioner, despite attempts by petitioner to inquire as to the status of the application.[31] In contrast, here, the delay at issue is "not in a ministerial act by a clerk, but in a judge's ruling, however 'routine' or 'simple' one might think the ruling is or should be."[32] Indeed, the Clerk of the TCCA promptly informed Jones of the dismissal of his habeas application. Moreover, in *Wickware* we concluded that a nine month delay in judicial ruling was not an unconstitutionally unacceptable delay.[33] Although here the delay in ruling was substantially longer, since Jones had only six months remaining on the AEDPA clock by the time he filed his state habeas application, a judicial ruling would have had to be made in substantially less time for Jones to address his procedural error than we found to be a constitutionally acceptable delay in *Wickware*.

Finally, Jones' argument with respect to his mental illness fails. Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence

---

[29] *See id.*; *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir.2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir.1999).

[30] 577 F.3d 596 (5th Cir. 2009).

[31] *Id.* at 597-98.

[32] *Wickware v. Thaler*, 404 F.App'x 856, 862 (5th Cir. 2010)(per curiam)(unpublished).

[33] *Id.*

affected his ability to file a timely habeas petitioner.[34] Here, Jones has not made a threshold showing of incompetence and more importantly, it is clear that there is no causal connection between Jones' mental illness and his failure to file a timely federal habeas petition. And the record makes clear that regardless of any mental illness, Jones has pursued, without assistance of counsel, both state and federal habeas relief.

## IV.

For the foregoing reasons, we AFFIRM.

---

[34] *See, e.g.*, *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010) ("There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[A] habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."); *McSwain v. Davis*, 287 F.App'x 450, 456 (6th Cir. 2008) (same); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled.").